UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JOHN LAWSON, | CASE NO. 1:17-cv-1088-MJS (PC) |
|---|---|
| Plaintiff, | **ORDER DIRECTING CLERK'S OFFICE TO ASSIGN CASE TO A DISTRICT JUDGE** |
| v. | |
| R. FISHER, et al., | **FINDINGS AND RECOMMENDATION TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM** |
| Defendants. | |
| | (ECF NO. 9) |
| | **FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On October 10, 2017, this Court screened Plaintiff's complaint and found it stated no cognizable claims. (ECF No. 8.) Plaintiff was given the option to file an amended complaint. (Id.)

Plaintiff's first amended complaint (ECF No. 9) is before the Court for screening.

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiffs must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 677-78.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Under section 1983 the Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.     Plaintiff's Allegations

Plaintiff complains of acts that occurred during his incarceration at Valley State Prison ("VSP"). He names as Defendants (1) D. Gamble, Correctional Officer, and (2) M. Barnett, Correctional Officer.

His allegations, largely unchanged from his original complaint, can be fairly summarized as follows:

Plaintiff was placed in Administrative Segregation for non-disciplinary reasons. Reportedly his property was packed and removed from his cell by Defendants Gamble and Barnett, but Plaintiff speculates that Gamble allowed inmates to pack the property. Some items were confiscated because their possession was against prison rules. Plaintiff was given a CDCR 1083 Inmate Property Inventory sheet that listed all items packed and an attached document listing items confiscated. Plaintiff was not allowed to look over the lists; Defendant Gamble told him to "just sign" it. Contrary to prison procedures and regulations, Plaintiff was denied the right to determine how to dispose of the confiscated property.

3

Plaintiff noticed that several non-confiscated items were missing including a TV and headphones. Plaintiff has receipts for the all missing items. They are listed on his property card.

Defendant Gamble denied that these items were among those removed. Defendant Gamble also told Plaintiff that some of the items in a plastic storage container were claimed by another inmate, Mayfield. Plaintiff contends that the handicraft items in the container were Plaintiff's.

Plaintiff does not specify the claims he wishes to make beyond stating that he seeks relief for violation of due process rights and requests return of his property or its monetary equivalence plus damages.

**IV.    Analysis**

    **A.    Due Process**

The Fourteenth Amendment protects individuals from the deprivation of property without due process of law. U.S. Const. amend. XIV, § 1. Although prisoners retain due process rights, those rights are limited "by the nature of the regime to which they have been lawfully committed." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citations omitted).

Authorized and intentional deprivations of property pursuant to an established government procedure are violations of the right to due process, Hudson v. Palmer, 468 U.S. 517, 532 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–36 (1982)). However, neither negligent, nor unauthorized intentional deprivations of property by a state or municipal employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

post deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S at 533 & n.13 (1984) (citation omitted).

As noted in the previous screening order, Plaintiff's pleading reflects that the loss of his property was due to carelessness or, if purposeful, was not the result of an authorized act. Defendants Gamble and Barnett either improperly supervised collection of the Plaintiff's things or intentionally took them without authorization from prison officials. In any event, post deprivations remedies were available. (Plaintiff could, and did, file a grievance with prison officials, and California tort law also provides a remedy for property deprivation. Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).)

Plaintiff previously was advised of the foregoing and of what facts needed to be present and pled to state a viable due process claim. He nonetheless has failed to cure previously identified defects. It is reasonable to conclude that he is unable to cure them. Thus further leave to amend would be futile and should be denied.

**B.    Regulations**

Plaintiff refers to a variety of prison regulations he feels were violated in the course of the disposal of his property.

Mere violation of state regulations is insufficient to establish a constitutional violation. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) ("[S]tate departmental regulations do not establish a federal constitutional violation."). Moreover, "[t]he existence of regulations . . . governing the conduct of prison employees does not necessarily entitle Plaintiff to sue civilly to enforce the regulations or to sue for damages based on the violation of the regulations." Vasquez v. Tate, No. 1:10–cv–1876–JLT (PC), 2012 WL 6738167, at *9 (E.D. Cal. Dec. 28, 2012). The Court is unaware of any

5

authority that holds there exists a private right of action available to Plaintiff for violation of Title 15 regulations; ample district court decisions hold to the contrary. E.g., id.; Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012); Meredith v. Overley, No. 1:12-cv-00455-MJS (PC), 2012 WL 3764029, at *4 (E.D. Cal. Aug. 29, 2012); Parra v. Hernandez, No. 08cv0191-H (CAB), 2009 WL 3818376, at *8 (S.D.Cal. Nov. 13, 2009); Davis v. Kissinger, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, at *12 n.4 (E.D.Cal. Feb. 3, 2009), adopted in full, 2009 WL 647350 (Mar. 10, 2009).

Claims based solely on violation of state regulations should be dismissed without further leave to amend.

### B. State Law Claims

To the extent Plaintiff wants to recover under state law from those who wrongfully caused or allowed the loss of his property, this Court would not have jurisdiction over such claims unless a cognizable federal claim also existed.

This Court may exercise jurisdiction over a state law claim pursuant to 28 U.S.C. § 1367(a) which states that in civil actions in which the district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," except as provided in subsections (b) and (c). "[Once judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under § 1367(c) is discretionary." ACI v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

6

Here, Plaintiff fails to allege a cognizable federal claim. State law claims standing alone must be dismissed.

**V.     Conclusion**

Plaintiff has not consented to Magistrate Judge jurisdiction. (ECF No. 3.) Accordingly, the Clerk's Office is HEREBY DIRECTED to randomly assign this matter to a district judge pursuant to Local Rule 120(e).

Plaintiff's first amended complaint fails to state a cognizable claim. Plaintiff previously was advised of pleading defects and afforded the opportunity to cure them. He failed to do so. Further leave to amend appears futile and should be denied.

Accordingly, it is HEREBY RECOMMENDED that the first amended complaint be DISMISSED with prejudice and without leave to amend for failure to state a claim.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   November 22, 2017            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE